DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 2015-0034 |
| DOUGLAS A. CLARKE a/k/a | ) |
| DOUGLAS CLARKE and | ) |
| SMALL BUSINESS ADMINISTRATON, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Attorneys:
**Samuel T. Grey, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Douglas A. Clarke,** *Pro Se*
St. Croix, U.S.V.I.

**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Small Business Administration*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Summary Judgment" filed by Plaintiff, Bank of Nova Scotia ("Scotiabank" or "Plaintiff") against Defendants Douglas A. Clarke a/k/a Douglas Clarke ("Clarke") and the Small Business Administration ("SBA") in this debt and foreclosure action. (Dkt. No. 33). For the reasons discussed below, the Court will grant Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

On February 26, 2015, Scotiabank filed a Complaint against Clarke and SBA in the Superior Court of the Virgin Islands. (Dkt. No. 1-2). The action was removed to this Court by Defendant SBA on May 12, 2015, pursuant to 28 U.S.C. § 1444. (Dkt. No. 1). The Complaint alleges that, on

September 25, 2009, Clarke executed and delivered to Scotiabank a Promissory Note (the "Note") in which he promised to pay the principal sum of $88,000.00, together with interest at the rate of 5.9% per annum, in equal monthly installments of $625.39 beginning on October 25, 2009. (Dkt. No. 1-2, ¶¶ 6, 7). Repayment of the Note was secured by a first priority mortgage (the "Mortgage"), also executed on September 25, 2009 by Clarke and former Defendant Agnetta Wallace,[1] encumbering the following real property (the "Property") owned by Clarke, as described in the Quitclaim Deed:

> Plot No. 116 Estate Sion Hill, Queen Quarter, St. Croix U.S. Virgin Islands, consisting of 0.315 U.S. acre(s), more or less, as more fully shown and described on OLG Drawing No. 1687 dated November 2, 1964, revised June 23, 1971.

(*Id.* ¶¶ 5, 8; Dkt. No. 1-2 at 8-10).

The Complaint goes on to say that Clarke defaulted under the terms and conditions of the Note, and Clarke and Wallace defaulted under the terms and conditions of the Mortgage, by failing to make the monthly payments of principal, interest, and other charges. (*Id.* ¶¶ 10, 11). Scotiabank gave notice of default to Clarke and Wallace by correspondence dated May 7, 2014, advising them that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage. *(Id.* ¶ 12). Following Clarke's and Wallace's failure to cure, Scotiabank elected to accelerate the loan, and the entire unpaid principal with unpaid accrued interest and late charges became immediately due and payable, which Scotiabank calculated, as of February 12, 2015, to be $89,825.55. (*Id.* ¶¶ 13-17, 21). Scotiabank asks that judgment include all unpaid principal and interest due and payable, plus interest accruing thereafter; attorney's fees and other expenses

---

[1] The Mortgage was executed by Clarke and Wallace on September 25, 2009. (Dkt. No. 1-2 at 21). At that time, Wallace held title to the Property jointly with Clarke. In February 2011, prior to the commencement of this action, Wallace deeded her interest to Clark by way of Quitclaim Deed (Dkt. No. 1-2 at 8). As a result, although Scotiabank attempted to serve her, it later filed a Notice of Voluntary Dismissal on March 29, 2016 dismissing the action against her. (Dkt. No. 31).

2

incurred to enforce payment of the Note; foreclosure of the Property and sale of the Property to satisfy the Note; and the recovery of any deficiency judgment. (*Id*. at pp. 6-7).

SBA was joined as a Defendant because the Title Search indicated that SBA had an interest in the Property. (*Id.* ¶ 19). Service on SBA was made through counsel at the U.S. Attorney's Office on March 10, 2015 (Dkt. No. 32-3) and through SBA's Lender Relations Specialist at its office at the Almeric L. Christian Federal Building on April 7, 2015. (Dkt. Nos. 32-5, 32-6). SBA filed its Answer to the Complaint on May 26, 2015 in which it alleged, *inter alia*, that its mortgage on the Property was a first priority lien. (Dkt. No. 2). On March 4, 2016, Scotiabank and SBA filed a Stipulation in which the parties stipulated that Scotiabank's lien on the Property was "senior and superior" to SBA's lien. (Dkt. No. 24). The Court accepted the Stipulation on March 23, 2016. (Dkt. No. 30).

On March 31, 2016, Scotiabank filed Returns of Service for Defendants Douglas Clarke and the SBA. (Dkt. No. 32). An Affidavit of Service provided that Clarke had been personally served on April 1, 2015. (Dkt. Nos. 32-1, 32-2). Clarke appeared in this matter *pro se* at a settlement conference before Magistrate Judge George W. Cannon, Jr., held on June 29, 2015 (Dkt. No. 9) and two status conferences, held on September 30, 2015 (Dkt. No. 12) and November 2, 2015 (Dkt. No. 15).

On April 1, 2016, Scotiabank filed a Motion for Summary Judgment against Defendants Clarke and SBA which contained a Memorandum of Law (Dkt. No. 33-3) and supporting exhibits (Dkt. No. 33-8); an Affidavit of Proof and supporting exhibits (Dkt. Nos. 33-1, 33-2); and a Declaration in Support of Attorney's Fees and Costs and supporting exhibits (Dkt. Nos. 33-4, 33-5, 33-6).

In its Memorandum, Scotiabank states that the supporting documents show that Clarke executed and delivered to Scotiabank the Note in which he promised to pay Scotiabank the sum

3

of $88,000.00, with interest at the rate of 5.9% per annum; repayment of the loan was secured by the Mortgage on the Property that Clarke also executed; and Clarke has not disputed these allegations. (Dkt. No. 33-3 at 2, 4). The Memorandum further provides that because Clarke defaulted under the terms and conditions of the Note and Mortgage by failing to pay monthly installments due, despite demand, Scotiabank elected to accelerate the loan, declaring all amounts due. (*Id.* at 4). Scotiabank asserts that Clarke had been served with the Summons and Complaint and, although he failed to answer, he had communications with Scotiabank and has personally appeared and defended this action. (*Id.*)

With regard to the amount of judgment it seeks, the Memorandum cited the figures provided in the Affidavit of Proof, signed by Wilma Mylow, Foreclosure Specialist for Cenlar FSB, the servicer for Scotiabank, who averred she has personal knowledge of the facts set forth therein. (Dkt. No. 33-1). Based on her review of the records, Ms. Mylow asserts that Clarke owes the following amounts through March 21, 2016: $76,859.95 in unpaid principal balance; interest through March 21, 2016 of $10,012.26; late charges of $50.04; and interest at the rate of $12.60 per diem. (*Id.* at 2). Ms. Mylow adds that Scotiabank has expended $10,471.49 for property insurance; $2,914.11 for property taxes; $357.50 for property inspections; and $5.00 for property preservation fees, totaling $100,760.35 as of March 21, 2016. (*Id.*) She attached twenty-seven pages of documentation to support her damages claims. (Dkt. No. 33-2).

Scotiabank argues that there are no genuine issues as to any material fact that Clarke executed the Note and Mortgage; that Clarke defaulted under the terms of the Note and Mortgage; and that Scotiabank is authorized to foreclose on the Property as security for the Note. Therefore, Scotiabank contends that it is entitled to summary judgment against Clarke. (Dkt. No. 33-3 at 3, 5).

Scotiabank also asserts that it is entitled to summary judgment against SBA because its lien is senior and superior to that of SBA and any other lienholder. (*Id*. at 5, 6).

Attached to the Memorandum is a Declaration of Scotiabank's counsel, Samuel T. Grey, Esq., in support of his application for attorney's fees and costs, along with a slip listing (billing summary) of time expended by attorneys or legal assistants in his firm who prosecuted the action, and a slip listing of expenses incurred. (Dkt. Nos. 33-4, 33-5, 33-6). The attorney's fees expended as of March 30, 2016 were $5,010.00 and expenses were $815.52. (Dkt. Nos. 33-5, 33-6). Counsel anticipated that he would be expending additional time in preparing the Praecipe and Writ of Execution, and expected to incur an additional $1,800.00 in attorney's fees and $1,700.00 in costs. (Dkt. No. 33-4).

On April 4, 2017, the Court issued an Order requiring Scotiabank to file an Affidavit of Proof that would specify where, in the twenty-seven pages of documentation it submitted, the support for each category of damages it claimed could be found. (Dkt. No. 37). Scotiabank submitted a Supplemental Affidavit of Proof from Ms. Mylow on April 27, 2017 with attached documentation that substantiated its request for each category of damages. (Dkt. Nos. 40, 40-1).

## II.   DISCUSSION

### A. Summary Judgment Standard

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors Inc.,* 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial

and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1993) (internal quotation marks omitted)).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Santini v. Fuentes,* 795 F.3d 410, 420 (3d Cir. 2015) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448, at *3 (D.V.I. March 14, 2017) (internal quotation marks and citations omitted). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and

6

mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* (internal quotation marks and citations omitted); *see also Anthony v. FirstBank Virgin Islands,* 2013 WL 211707, at *5, 58 V.I. 224 (V.I. 2013) (quoting *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### B. Analysis

#### 1. Summary Judgment against Clarke

Although Clarke did not file an Answer to the Complaint, the Court finds that he appeared in this case. He appeared, *pro se,* at a settlement conference before Magistrate Judge George W. Cannon, Jr., held on June 29, 2015 (Dkt. No. 9) and two status conferences, held on September 30, 2015 (Dkt. No. 12) and November 2, 2015 (Dkt. No. 15). "Normally, appearance in an action involves some presentation or submission to the court," *Port-Wide Container Co., Inc. v. Interstate Maint. Corp.*, 440 F.2d 1195, 1196 (3d Cir. 1971), and "at the very least, the defendant must show an intent to avoid default." *United States v. Mulvenna*, 367 F. App'x 348, 350 (3d Cir. 2010) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2686 (3d ed)). Clarke's appearances at court conferences over the course of a number of months indicates such an intent.

Notwithstanding that Clarke elected not to respond to Scotiabank's Motion for Summary Judgment, the Court may not simply grant Scotiabank's Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly

address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

Scotiabank has submitted a copy of the Quitclaim Deed, showing that Clarke has title to the Property at issue. (Dkt. No. 1-2 at 8). It has also provided a copy of the Note, dated September 25, 2009, executed by Clarke, in which he promised to pay Scotiabank the principal sum of $88,000.00 together with interest at a rate of 5.90% per year. (Dkt. No. 1-2 at 11). Scotiabank submitted a copy of the Mortgage, executed by Clarke (and Wallace) on September 25, 2009, to secure payment on the Note. (Dkt. No. 1-2 at 12). Based on the foregoing, Scotiabank has shown that Clarke executed the Note and Mortgage. Accordingly, because there is no genuine dispute of material fact as to whether Clarke executed these documents, Scotiabank has satisfied the first requirement to succeed by summary judgment on a debt and foreclosure action in the Virgin Islands.

Scotiabank has also provided evidence that Clarke is in default on the Note and Mortgage for failing to make payments due under those documents, and that it may foreclose on the Property. Scotiabank attached to its Motion for Summary Judgment a copy of a letter it sent to Clarke dated May 7, 2014, in which it indicated that he was in default and must pay the past due amount indicated, or all amounts due could be accelerated and the Property sold. (Dkt. No. 1-2 at 22). The Note provides:

> If any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest shall at once become due and payable at the option of the Note holder. The Note holder may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance. If suit is brought to collect this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to, reasonable attorney's fees.

(Dkt. No. 1-2 at 11). Similarly, the Mortgage provides that, if the Borrower defaults, Scotiabank "shall have the right . . . to accelerate payment of the amounts secured by this Mortgage, to declare the full amount secured by this Mortgage immediately due and payable and to commence legal foreclosure of this Mortgage and to proceed with the sale of the Property in the manner and form prescribed by law." (Dkt. No. 1-2 at 17, ¶ 19). Scotiabank has shown that it is entitled to enforce those instruments. (Dkt. No. 21). Scotiabank has thus satisfied the second and third requirements for a debt and foreclosure action.

In its Supplemental Affidavit of Proof, Scotiabank explained how the attached twenty-seven page Loan Transaction History supported the total of $100,760.35 in damages it sought as of March 21, 2016: $76,859.95 in unpaid principal balance; escrow advances of $5,006.49 for insurance payments prior to March 2014; interest through March 21, 2016 of $10,102.26; and late charges of $50.04. (*Id.* at 2). Ms. Mylow adds that the Bank has expended $10,471.49 for property insurance; $2,914.11 for property taxes; $357.50 for property inspections; and $5.00 for property preservation fees, for a total amount owed of $100,760.35 as of March 21, 2016. (Dkt. No. 40-1, ¶¶ 8-16, citing Dkt. No. 40-2). Ms. Mylow further adds that the per diem interest of $12.60 would be assessed from March 22, 2016 up to and including the date of this Judgment.[2] Although attorney's fees were included in the documentation, Ms. Mylow asserted that such fees were requested pursuant to a separate motion for attorney's fees and costs. (Dkt. No. 40-1, ¶ 14).

The Court finds that this evidence is sufficient to shift the burden to Clarke to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in his favor regarding the debt and foreclosure causes of action. *Patterson*, 555 F. App'x

---

[2] Interest at the federal statutory rate, pursuant to 28 U.S.C. § 1961(a), accrues thereafter until the Judgment is satisfied.

at 211. Clarke has elected not to respond, thereby not opposing any of the material facts contained in Scotiabank's Motion for Summary Judgment.

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Clarke's liability on Scotiabank's debt and foreclosure causes of action. Because Scotiabank has satisfied the requirements to succeed on a debt and foreclosure action under Virgin Islands law, *see Thompson,* 2009 WL 4730784, at *3, summary judgment is appropriate.

### 2. Summary Judgment against SBA

Defendant SBA—which was named as a Defendant in this lawsuit because it had a lien on the same Property as Scotiabank—executed a stipulation stating that Scotiabank's "right, title and interest created by its mortgage lien on the Property is senior and superior to that of the SBA[.]" (Dkt. No. 24). Accordingly, because there is no dispute that Scotiabank's mortgage lien has priority over SBA's lien, the Court will grant Scotiabank's Motion for Summary Judgment as to SBA. The Court finds that Scotiabank has a first priority lien on the Property and that SBA has a second priority lien on the Property, and that these liens may be foreclosed.

### 3. Attorney's Fees, Costs and Expenses

Scotiabank has also requested $5,010.00 in attorney's fees and $815.52 in expenses as part of its recoverable balance. (Dkt. No. 33-4). In his Declaration, counsel anticipated that $1,800.00 in additional attorney's fees and $1,700.00 in additional costs would be expended to complete the foreclosure proceedings. (*Id.*). However, the Court does not award anticipatory damages for attorney's fees and expenses not yet incurred. Rather, the Judgment and Order permits counsel to seek an additional award of attorney's fees, costs, and expenses to be determined upon appropriate application filed with the Court prior to entry of an order confirming the sale of the Property.

Under the terms of the Mortgage, Scotiabank is entitled to collect all expenses incurred in pursuing foreclosure of the Mortgage, including reasonable attorney's fees. (Dkt. No. 1-2, ¶¶ 20.1,

20.2). Under the terms of the Note, if there is a default and the loan is accelerated, Scotiabank has the right to be paid back for its reasonable costs and expenses in enforcing the Note, and such expenses include reasonable attorney's fees. (Dkt. No. 1-2 at 11).

Typically, the Court looks to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013). However, the Mortgage provides as follows:

> [T]he term "attorney's fees" as used herein shall mean the fees charged to Mortgagee by Mortgagee's attorneys for the time expended by any attorney, paralegal, legal assistant, or law clerk employed by Mortgagee's attorneys, plus disbursements incurred by said attorneys on behalf of Mortgagee. In determining the reasonableness of attorney's fees, the rates charged by Mortgagee's attorneys to Mortgagee shall be presumed to be reasonable except upon a showing that the rates charged the Mortgagee are in excess of the standard and customary hourly rates charged by the said attorneys. It is the express intention of Mortgagor and Mortgagee that indemnification for attorney's fees be governed by contract rather than by statute or judicial discretion.

(Dkt. No. 1-2 at 18, ¶ 20.2). "[C]ourts are obligated to enforce contracts as they are made by the parties and not to create additional terms out of thin air." *Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 271 (3d Cir. 2004). Accordingly, the unchallenged hourly rate of $300.00 for Attorney Grey and another attorney who worked on the case—identified only by the initials "LAK"—is accepted.

While the Mortgage provides that the hourly rate charged by Scotiabank's attorneys is presumed to be reasonable unless challenged—which it was not—there is no provision in the Mortgage concerning how the amount of time spent by the attorneys in litigating this case should be adjudged to be reasonable. Since the Court must therefore make that assessment of reasonableness, it will turn to the applicable law.

In doing so, the Court determines whether the hours billed were "'reasonably expended,'" and excludes time billed that is "'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting

*Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Scotiabank seeks compensation for 16.70 hours of work billed in this matter. (Dkt. No. 33-5). Based on the Court's review of the documentation provided, the Court finds that the hours billed were reasonably expended, given that Scotiabank's attorneys engaged in correspondence and several telephone conferences with Defendant Clarke and his daughter in an attempt to resolve the matter, and there were three status and settlement conferences before the Magistrate Judge with Clarke and one with then-Defendant Wallace. The Court also finds that the $5,010.00 in attorney's fees in this case is comparable with amounts this Court has found reasonable and has awarded in routine, albeit contested, debt and foreclosure cases. *See, e.g., Bank of Nova Scotia v. Abdallah,* 2013 WL 1846544, at *6-8 (D.V.I. May 2, 2013) (awarding $7,755.88 in attorney's fees); *Bank of Nova Scotia v. Christian,* 12-cv-06 (D.V.I. July 30, 2015) (awarding $4,916.20 in attorney's fees). Accordingly, the Court will award $5,010.00 in attorney's fees.

With regard to costs and expenses, under the terms of the Note, Clarke agreed to pay "all reasonable costs and expenses of suit" in the event of any default in the payment of the Note. (Dkt. No. 1-2 at 11). Under the terms of the Mortgage, Scotiabank is entitled to recover "all . . . sums paid" as a result of an action to foreclose and sell the Property. (Dkt. No. 1-2 at 18). Here too, the Court will look to Virgin Islands law for guidance in determining reasonable costs and expenses.

The Supreme Court of the Virgin Islands has opined that costs and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World,* 55 V.I. 580, 2011 WL 3492575 (V.I. July 20, 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id.* at *2. The Court in *Terrell* observed: "It is well-established that when a statute authorizes taxation of costs [referring to 5 V.I.C. § 541(a)], 'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (quoting *Benda v. Fana*, 227 N.E.2d 197, 201 (Ohio 1967)). The Supreme Court further explained that

"limiting 'costs' to what is specifically provided for in a fee-shifting statute is necessary in order to avoid 'absurd situations' that the legislature could not have intended, such as placing a litigant 'with the burden of paying exorbitant professional witness fees which may very well exceed the amount of the verdict itself.'" *Id.* (quoting *Benda*, 227 N.E.2d at 201). Such a limitation is found in Title 5, Section 541(a), which defines what costs are "allowed in a civil action."[3] Further, in order for costs to be reimbursed, they must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.,* 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (opining that prevailing party in civil action may "recover reasonable costs and attorney's fees" under statute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands statute permits reimbursement for reasonable fees and costs).

With regard to the reimbursement of expenses, such reimbursement is permitted not by statute but by contract, the terms of which are regularly enforced by courts. *See Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 271 (3d Cir. 2004) ("[C]ourts are obligated to enforce contracts as they are made by the parties and not to create additional terms out of thin air."); *Rainey v. Hermon*, 2011 WL 4738534, at *6 (V.I. Oct. 6, 2011) (enforcing the terms of a contract, even for legal fees and administrative costs, "unless the fee is unreasonable."). Here, "expenses" are not defined in the Note, Mortgage, or other loan documents. Pursuant to Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands and effective February 1, 2011, fees and expenses awarded in the Virgin Islands must be "reasonable."

---

[3] The costs allowed are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

Scotiabank is seeking reimbursement of $815.52 in "expenses." In fact, $8.03 of that amount is properly considered a "cost" pursuant to 5 V.I.C. § 841(a)(3), as it covers the allowed cost of certified mail in serving the Summons and Complaint on the United States Attorney General. (Dkt. No. 33-6 at 2). The Court finds that the expenditures for title searches, filing fees, and service fees—totaling $726.00 in "expenses"—were reasonably incurred in this debt and foreclosure action and will be reimbursed because they are expenses normally incurred in these types of actions. However, the Court finds that a $6.49 certified mail expenditure in September 2014 to Clarke, and a $75.00 service fee in October 2014—months before the litigation commenced in Superior Court in February 2015—were not reasonably incurred, as those expenses do not appear to relate to this action, and will not be allowed. The Court will therefore award a total of $734.03 in costs and expenses.

### III. CONCLUSION

Plaintiff Bank of Nova Scotia has satisfied the requirements necessary for summary judgment against Defendant Douglas A. Clarke a/k/a Douglas Clarke. The Court will grant Scotiabank's Motion for Summary Judgment as against him (Dkt. No. 33) on the debt and foreclosure causes of action in its Complaint. In this regard, the Court will award $100,760.35 in damages, plus $12.60 in per diem interest from March 22, 2016 up to and including the date of this Judgment, amounting to $8,026.20, for a total award of $108,786.55 . In addition, the Court will award $5,010.00 in attorney's fees and $734.03 in costs and expenses, for a total award of $5,744.03 in attorney's fees, costs and expenses through March 30, 2016.

The Court will also grant Scotiabank's Motion for Summary Judgment against SBA, finding that Scotiabank's mortgage lien on the Property is a first priority lien and SBA's lien on the Property is a second priority lien.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 18, 2017                                  _____/s/_____
                                                         WILMA A. LEWIS
                                                         Chief Judge